UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

E<small>L</small> A<small>MIN</small> M<small>UHAMMAD</small>, #242898,

       Plaintiff,                        Hon. Hala Y. Jarbou

v.                                                Case No. 1:23-cv-1306

C<small>HRIS</small> K<small>ING</small>, et al.,

       Defendants.

_____/

**REPORT AND RECOMMENDATION**

      This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 34). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this action terminated.

**BACKGROUND**

      Plaintiff initiated this action against several Michigan Department of Corrections (MDOC) officials. (ECF No. 1). Most of Plaintiff's claims, however, were dismissed on screening. (ECF No. 9). At this juncture, three defendants remain against whom Plaintiff is asserting First Amendment free exercise and Fourteenth Amendment equal protection claims. (*Id.*). Regarding his remaining claims, Plaintiff asserts the following.

As a Muslim, Plaintiff is required to wear a kufi.[1] On January 17, 2023, Lieutenant Kristopher Chauvez ordered Corrections Officer Joseph Schmidt to confiscate kufis and issue misconduct reports to anyone wearing a kufi. When Plaintiff asked why this action was being taken, Schmidt responded that he was just following orders. When Plaintiff questioned why Jewish prisoners were permitted to wear their yarmulkes, Schmidt responded, "they are in a different situation than you." Plaintiff declined to wear his kufi out of fear of being charged with a misconduct violation.[2]

On February 8, 2023, Corrections Program Coordinator of Recreation Patrick Isabell refused to take Plaintiff's photographs while Plaintiff was wearing a kufi and other religious items. When informed that MDOC policy permitted Muslims to wear their kufis at all times, Isabell told Plaintiff that he did not care about any such policy.

The only claims remaining in this matter are First Amendment free exercise and Fourteenth Amendment equal protection claims asserted against Defendants Chauvez, Schmidt, and Isabell who now move for summary judgment. Plaintiff has failed to respond to Defendants' motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

---

[1] A kufi is a "brimless head covering. . .worn by Muslims worldwide." *See* What is a Kufi?, available at https://thekufi.com/blog/what-is-a-kufi/ (last visited on Oct. 14, 2025).

[2] As the Court previously observed, "[t]aking Plaintiff's allegations in the light most favorable to him, the Court concludes that the threat of disciplinary sanctions from Defendants Chauvez, Schmidt, and Isabell could place sufficiently substantial pressure on Plaintiff to compel him to modify his behavior and violate his beliefs." (ECF No. 9, PageID.58).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot

merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## ANALYSIS

### I. Fourteenth Amendment

#### A. Defendants Chauvez and Schmidt

As noted above, Plaintiff alleges that on January 17, 2023, Defendants Chauvez and Schmidt acted to confiscate kufis from Muslim prisoners while permitting Jewish inmates to continue wear yarmulkes. Plaintiff alleges that Defendants' conduct violated his right to equal protection of the law.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To prevail on an equal protection claim, Plaintiff must establish that he was treated "disparately as compared

to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). The Supreme Court has also recognized what is referred to as a "class-of-one" equal protection claim in which the plaintiff does not allege membership in a particular class or group but instead establishes that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Davis v. Prison Health Services*, 679 F.3d 433, 441 (6th Cir. 2012).

Regardless of the particular theory advanced, however, the threshold element of any equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006); *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("[t]o state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class or has no rational basis'").

In support of their motion, Defendants have presented evidence that they did not target Muslim prisoners or otherwise act to simply confiscate kufis as Plaintiff suggests but rather acted selectively to enforce an MDOC policy that furthers legitimate penological directives.

-5-

Pursuant to MDOC personal property policy, prisoners are permitted to possess certain "religious clothing items," but all such items must be "purchased and worn" as set forth by MDOC policy. MDOC Policy Directive 04.07.112, Att. A-C (eff. Apr. 6, 2021). MDOC policy regarding the possession of religious property provides that Muslim prisoners may possess a kufi. MDOC Policy Directive 05.03.150, Att. A (eff. Mar. 14, 2022). But prisoners must "purchase approved religious property other than reading material only through the facility from authorized vendors. . ." MDOC Policy Directive 05.03.150 ¶ MM (eff. Jan. 3, 2022). Thus, while Muslims were permitted to own a kufi such must have purchased from an approved vendor.

Defendants have presented evidence that the MDOC was experiencing "a problem with prisoners knitting [kufis] through the Hobbycraft program and trying to keep them or sell them." (ECF No. 35-8, PageID.255). Prisoners are not allowed to give, sell, or even keep Hobbycraft materials or projects, MDOC Policy Directive 05.03.102 ¶¶ C, Q (eff. Oct. 1, 2006), because to allow such creates safety and security risks. As Defendant Chauvez asserts in an affidavit:

> Primarily, it contributes to an internal underground market, where prisoners with talent sell products they've made to other prisoners. But that creates debt between prisoners, and all the risks that come with debts being enforced against prisoners. It allows products that are not commercially standardized and approved for disbursement in the prison. Which makes it easier for prisoners to create hidden pockets for concealing contraband and more difficult to spot than if a commercial product were altered. There are also property limits to prevent crowding, pest control, fire control etc., but allowing prisoners to keep Hobbycraft projects after completion, clutters up cells and makes routine cell searches more complicated.

(ECF No. 35-7, PageID.251-52).

Defendants have presented evidence that on the day in question, Chauvez and Schmdt were merely enforcing the policy that religious headgear be purchased from an approved vendor. (ECF No. 35-7, PageID.249-58). As courts recognize, "restrictions on religious headgear (like a kufi) are valid when the defendants state a legitimate penological interest in doing so." *Pleasant-Bey v. Shelby County Government*, 2019 WL 5654993 at *3 (W.D. Tenn., Oct. 31, 2019) (citing cases); *see also, Whaley-El v. Dorris*, 2024 WL 5321248 at *2 (E.D. Mich., Dec. 9, 2024) (same).

Plaintiff has presented no evidence to counter that submitted by Defendants. Thus, Plaintiff cannot establish that he (or any Muslim prisoner) was improperly targeted or treated differently than any other similarly situated prisoner. Rather, Defendants were merely enforcing a legitimate prison policy. To the extent Plaintiff suggests that the policies in question were not being equally applied to Jewish prisoners, Plaintiff has presented no evidence that any Jewish prisoners were wearing unapproved headgear. In sum, because Plaintiff cannot establish that he experienced disparate treatment his Equal Protection claims against Chauvez and Schmidt fail and Defendants are entitled to summary judgment.

B. Defendant Isabell

Plaintiff alleges that Defendant Isabell refused to take his photograph while wearing a kufi and other religious items. Plaintiff alleges this violated his right to equal protection of the law. Defendant has presented evidence that he refused to take

Plaintiff's photograph because the headgear and other religious items Plaintiff was wearing were not obtained from an approved vendor as required by MDOC policy. (ECF No. 35-10, PageID.272-74). Plaintiff has presented no evidence that the items he was wearing at the time were obtained from an approved vendor. Likewise, Plaintiff has presented no evidence that Isabell failed to enforce the MDOC policies in question equally as to all prisoners. Accordingly, Plaintiff's equal protection claim fails and Defendant Isabell is entitled to summary judgment.

## II. First Amendment

Plaintiff alleges that Defendants violated his First Amendment right to freely practice his religion by preventing him from wearing the kufi of his choosing.

The First Amendment to the United States Constitution provides, in relevant part, that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I. The right to freely exercise one's religion falls within the fundamental concept of liberty under the Fourteenth Amendment. *See, e.g., Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940). Accordingly, states and those acting on behalf of a state are "as incompetent as Congress" to interfere with the right. *Id.*

While "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates clearly retain the First Amendment protection to freely exercise their religion. *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). To establish that this right has been violated, Plaintiff must

establish that: (1) the belief or practice he seeks to protect is religious within his own "scheme of things," (2) that his belief is sincerely held, and (3) Defendants' behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224–25 (6th Cir. 1987); *see also Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (same); *Bakr v. Johnson*, 1997 WL 428903, at *2 (6th Cir. July 30, 1997) (noting that "sincerely held religious beliefs require accommodation by prison officials").

A practice will not be considered to infringe on a prisoner's free exercise of religion unless it "place[s] a substantial burden on the observation of a central religious belief or practice." *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989). The "substantial burden hurdle is high" and "is a difficult threshold to cross." *Living Water Church of God v. Charter Twp. of Meridian*, 258 Fed. Appx. 729, 734-36 (6th Cir. 2007). To be considered "substantial," a burden "must place more than an inconvenience on religious exercise." *Id.* at 739. Moreover, a particular government action will not be considered a substantial burden merely because it "may make [the] religious exercise more expensive or difficult." *Id.*

It must further be noted, however, that even if a certain action or restriction constitutes a substantial burden on a prisoner's free exercise rights, such action or restriction is valid if there exists a legitimate penological objective for accomplishing such. *See, e.g., Pleasant-Bey*, 2019 WL 5654993 at *3 ("restrictions on religious headgear (like a kufi) are valid when the defendants state a legitimate penological

interest in doing so"); *Moore v. Washington*, 2020 WL 7294362 at *3 (E.D. Mich., July 15, 2020) (same).

As discussed above, the evidence submitted by Defendants establishes that Plaintiff was wearing a kufi that violated legitimate MDOC policies. While Plaintiff may not like these policies, their enforcement does not violate his rights. Defendants argue that they are entitled to relief because even if it assumed that their actions burdened Plaintiff's beliefs, they acted in pursuit of a legitimate penological objectives. The Court agrees and finds that Defendants Chauvez, Schmidt, and Isbell are all entitled to summary judgment on Plaintiff's First Amendment claims.

**III.   Waiver**

In the alternative, the undersigned further recommends that Defendants are entitled to summary on the ground that Plaintiff, by failing to respond to the present motion, waived any opposition thereto.

While Plaintiff is representing himself, pro se litigants are "still required to follow the rules of civil procedure and easily-understood Court deadlines." *Ciavone v. McKee*, 2009 WL 2959737 at *6 (W.D. Mich., Sept. 10, 2009). Failure by a plaintiff to respond to a motion for summary judgment constitutes a forfeiture of the claims to which the motion is addressed. *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir., July 29, 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim"). Likewise, opposition to a motion for summary judgment is waived, and dismissal appropriate,

where the plaintiff fails to respond thereto. *See Humphrey v. United States Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir., May 15, 2008) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Allen v. NCL America LLC*, 741 Fed. Appx. 292, 295-96 (6th Cir., July 10, 2018) (by failing to respond to motion to dismiss, plaintiff waived opposition thereto); *Moody v. CitiMortgage, Inc.*, 32 F.Supp.3d 869, 875 (W.D. Mich. 2014) ("[a] plaintiff must oppose a defendant's motion to dismiss or otherwise respond or he waives opposition to the motion"); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F.Supp.3d 619, 631 (W.D. Mich. 2015) (same).

The undersigned, therefore, recommends that Defendants' motion be granted on the alternative ground that Plaintiff has waived any opposition thereto.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 34) be granted and this action terminated. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

          Respectfully submitted,

Date: October 15, 2025          /s/ Phillip J. Green
          PHILLIP J. GREEN
          United States Magistrate Judge